# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Plaintiff** | : | |
| v. | : | 3:16-CV-1478 |
| | : | (JUDGE MARIANI) |
| **CHRISTIAN F. SANTANA, et al.** | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is the United States' Motion for Default Judgment as to Counts I and II (Doc. 13). For the reasons discussed below, the Court will grant the United States' motion.

On July 19, 2016, Plaintiff, the United States of America, filed a Complaint naming as Defendants Christian F. Santana, Oriza Dotel, Christian L. Santana, the Pennsylvania Department of Revenue, the Municipal Authority of Hazle Township, and Dentalcrafts Masters, LLC. (Doc. 1). The civil action was filed "to collect the federal income tax assessments made against Christian F. Santana and Oriza Dotel and the civil penalty assessments made against Christian F. Santana; to obtain a judicial determination that Christian L. Santana is the nominee, alter ego, or transferee of Christian F. Santana; and to enforce the tax liens of the United States against real property located at 1024 Peace

Street, Hazle Township, Pennsylvania 18202 (the 'Real Property')." (Doc. 1, at 2).[1] The Complaint contains three counts: Reduce Federal Income Tax Assessments to Judgment (Count I); Reduce Civil Penalty Assessments to Judgment (Count II); and Foreclosure of the Federal Tax Liens Against the Real Property (Count III). (*See generally*, Doc. 1).

The record demonstrates that summons were returned executed as to each defendant, with the exception of the Pennsylvania Department of Revenue (Docs. 5-9), but no attorney has entered an appearance on behalf of any defendant nor has any defendant filed a pleading or performed any other action to otherwise defend the case. Thus, on November 1, 2016, Plaintiff filed a Request to Enter Default Pursuant to Fed. R. Civ. P. 55(a) against Christian F. Santana, Oriza Dotel, Christian L. Santana, and Dentalcrafts Masters, LLC (Doc. 10). The Clerk of Court entered default against these defendants on November 14, 2016. (Doc. 11).

The Clerk of Court having entered default, the United States filed a Motion for Default Judgment as to Counts I and II on February 15, 2017 pursuant to Fed. R. Civ. P. 55(b)(2).

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment,

---

[1] The final four defendants, Christian L. Santana, the Pennsylvania Department of Revenue, the Municipal Authority of Hazle Township, and Dentalcrafts Masters, LLC, were named because they may claim an interest in the Real Property. (*See* Doc. 1, at ¶¶ 6-9).

2

but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

### III. ANALYSIS

### A. The Entry of Default Judgment

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Here, the United States moves for the entry of judgment as to Count I against Christian F. Santana and Oriza Dotel and as to Count II against Christian F. Santana. (Doc. 13, at 1). Therefore, the Court will limit its analysis to these two defendants.

3

With respect to the prejudice to the United States if default is denied, this factor weighs in favor of the Government. Absent the default judgment, the United States will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no alternative means to vindicate its claims against the defaulting parties.

As to whether the defendant appears to have a litigable defense, this factor also weighs in favor of the plaintiff. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, no defendant has filed an answer or performed any other action to defend the case or set forth any meritorious defenses and this Court is not aware of one or more possible defenses which may constitute a complete defense here.

The third factor, whether the defendants' delay is due to culpable conduct, also weighs in favor of the United States. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Although the Court is reluctant to attribute bad faith to the defaulting defendants, Mr. Santana and Ms. Dotel have been on notice of this action since, at latest, August 29, 2016, when they were served with the Complaint. (*See* Docs. 5, 6). Thus, these

defendants have failed to respond or take any other action to defend this lawsuit for over 8 months. At minimum, this lack of action amounts to deliberate and willful conduct.

For the foregoing reasons, the Court will enter default judgment as to Count I against Christian F. Santana and Oriza Dotel and as to Count II against Christian F. Santana.

### B. Damages

Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 50(b)(2).

In Count I, Plaintiff alleges assessments for unpaid federal income taxes against Christian F. Santana and Oriza Dotel in the amount of $273,493 as of April 10, 2016, plus interests and costs that have accrued since April 10, 2016. (Doc. 1, at ¶¶ 11, 15). Specifically, Plaintiff sets forth the following:

| Tax Period | Assessment Dates | Tax Assessed | Balance due as of April 10, 2016 |
| --- | --- | --- | --- |
| 2000 | 01/02/2006 | $ 32,158 | $ 2,911 |
| 2002 | 01/02/2006 | $ 76,678 | $ 27,975 |
| 2005 | 04/17/2006<br>12/17/2007 | $ 1,334<br>$ 44,607 | $ 96,504 |
| 2009 | 05/14/2012 | $ 5,243 | $ 5,903 |
| 2010 | 11/21/2011 | $ 7,093 | $ 10,771 |

5

| 2011 | 05/28/2012 | $ 6,251 | |
| | 12/30/2013 | $ 37,628 | $ 68,901 |
| 2012 | 05/27/2013 | $ 2,171 | |
| | 03/16/2015 | $ 38,709 | $ 55,154 |
| 2013 | 05/19/2014 | $ 3,956 | $ 44 |
| 2014 | 09/14/2015 | $ 4,039 | $ 5,330 |
| | **TOTAL** | | **$ 273,493** |

(*Id.* at ¶ 11).

Plaintiff alleges that "a delegate of the Secretary of Treasury of the United States made various assessments for unpaid federal income taxes against Defendants Christian F. Santana and Oriza Dotel" on the afore-listed dates, for the amounts and tax periods set forth above. (Doc. 1, at ¶ 11). The Complaint further alleges that "proper and timely notice and demand for payment of the tax assessments" set forth above were given to Defendants Christian F. Santana and Oriza Dotel and that these defendants have failed to pay the United States the full amount owed as a result of the tax assessments. (*Id.* at ¶¶ 12, 14). The declaration of IRS Collection Advisor Angela S. Jones supports Plaintiff's well-pleaded allegations as well as supporting the afore-listed tax assessments. (*See* Dec. of Angela S. Jones, Doc. 13-2, ¶¶ 1-6).[2] Additionally, the Court notes that it is "[i]t is well established in the tax law that an assessment", which amounts to an IRS determination that a taxpayer

---

[2] The Declaration of Angela S. Jones further states that as of February 1, 2017, the amount owed by the defendants for unpaid federal income taxes, statutory additions, interests, and penalties for the years 2000, 2002, 2005, 2009, 2010, 2011, 2012, 2013, and 2014, totaled $287,175. (Dec. of Angela S. Jones, Doc. 13-2, at ¶ 6).

6

owes the federal government a certain amount of unpaid taxes, "is entitled to a legal presumption of correctness – a presumption that can help the Government prove its case against a taxpayer in court." *U.S. v. Fior D'Italia, Inc.*, 536 U.S. 238, 242, 122 S.Ct. 2117, 153 L.Ed.2d 280 (2002).

An assessment of a tax imposed by the Internal Revenue Code may be collected by a proceeding in court if the proceeding commenced "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). Here, the United States commenced this court action on July 19, 2016. A review of the assessment dates and assessed taxes set forth in the Complaint revealed that three tax assessments may have occurred outside the ten year statute of limitations; to wit, the two assessments of January 2, 2006, and the assessment of April 17, 2006.[3] Therefore, at the request of this Court, on April 21, 2017, the Government filed a Supplemental Memorandum in Support of its Motion for Default Judgment (Doc. 19) in which it explained that "[o]n January 7, 2013, Christian F. Santana and Oriza Dotel filed an offer-in-compromise which was pending until it was rejected on July 29, 2013." (*Id.* at 2; *see also*, Supp. Dec. of Angela Jones, Doc. 19-1, at ¶ 5). The Government's Supplemental Brief and the supplemental declaration of IRS Collection Advisor Angela S. Jones, in conjunction with the applicable Internal Revenue Code provisions and case law, establish that the Defendants' offer-in-compromise tolled the

---

[3] The Government's Supplemental Brief in Support of its Motion for Default Judgment asserts that the April 17, 2006 assessment "was fully paid." (Doc. 19, at 2). Therefore, the Court will limit its analysis to the applicability of 26 U.S.C. § 6502(a) on the assessments of January 2, 2006.

7

applicable ten year statute of limitations for 233 days.[4] *See U.S. v. Kraft*, 2014 WL 4494805, at *2 (D.N.J. 2014) (the statute of limitations imposed by § 6502 "is suspended while the IRS considers the taxpayer's offer, and if the IRS rejects the offer, for 30 days after the rejection is served on the taxpayer. 26 U.S.C. § 6331(i)(5), 6331(k)(1)."); *see also, U.S. v. Ryals*, 480 F.3d 1101, 1104-1105 (11th Cir. 2007). As a result, the Court is satisfied that the statute of limitations was not expired on the assessments dated January 2, 2006 at the time the Government filed its Complaint on July 19, 2016.

Thus, a review of the Complaint, Motion for Default Judgment and accompanying brief, the Supplemental Memorandum in Support of the United States' Motion for Default Judgment, the Declaration of Angela S. Jones, and Ms. Jones' Supplemental Declaration, together demonstrate that the United States is entitled to reduce to judgment tax liabilities assessed for tax years 2000, 2002, 2005, 2009, 2010, 2011, 2012, 2013, and 2014. Therefore, the Court will enter default judgment in favor of the United States and against Christian F. Santana and Oriza Dotel as to Count I of the Complaint for unpaid federal income taxes and statutory additions to tax for the years 2000, 2002, 2005, 2009, 2010, 2011, 2012, 2013, and 2014.

---

[4] There are 203 days between January 7, 2013 and July 29, 2013. Although the Supplemental Declaration of Angela S. Jones states that the statute of limitations on collections was tolled for 203 days and was therefore extended to July 23, 2016 (Supp. Dec. of Angela S. Jones, at ¶¶ 5(a), (b)), this number fails to take into account the additional 30 days statutorily allotted to the IRS after the rejection is served on the taxpayer. Regardless, the earliest the statute could have run was July 23, 2016, which was four days after the United States filed its Complaint.

With respect to Count II, Plaintiff requests that the civil penalty assessments against Christian F. Santana be reduced to judgment.

In support of this Count, the United States alleges that during the tax periods at issue set forth below, "the Federal withholding and Federal Insurance Contribution Act ('FICA') taxes which were required to be withheld from the wages of the employees of Christian Santana DDS P.C. ('Santana DDS')," a company owned by Christian F. Santana, "were not collected, truthfully accounted for, or paid over to the United States." (Doc. 1, at ¶¶ 17, 18).

As a result, on August 16, 2010, "a delegate of the Secretary of the Treasury assessed against Defendant Christian F. Santana penalties under 26 U.S.C. § 6672, representing the amounts that were equal to the federal employment taxes that were required to be withheld from the wages of the employees of Santana DDS and that were not collected, accounted for, and paid over when due" (*id.* at ¶ 22) as follows:

| Tax Period Ending | Assessment Dates | Assessed Amount | Balance due as of 4/10/16 |
|---|---|---|---|
| 03/31/2006 | 08/16/2010 | $ 1,816 | $ 2,222 |
| 06/30/2006 | 08/16/2010 | $ 1,816 | $ 2,164 |
| 09/30/2006 | 08/16/2010 | $ 3,774 | $ 4,498 |
| 12/31/2006 | 08/16/2010 | $ 3,774 | $ 4,498 |
| 09/30/2007 | 08/16/2010 | $ 1,816 | $ 336 |
| 12/31/2007 | 08/16/2010 | $ 1,816 | $ 2,164 |
| 03/31/2008 | 08/16/2010 | $ 3,774 | $ 4,498 |

| | | | |
|---|---|---|---|
| 06/30/2008 | 08/16/2010 | $ 3,774 | $ 4,498 |
| 09/30/2008 | 08/16/2010 | $ 3,896 | $ 4,612 |
| 12/31/2008 | 08/16/2010 | $ 3,965 | $ 4,726 |
| 03/31/2009 | 08/16/2010 | $ 4,065 | $ 4,844 |
| 06/30/2009 | 08/16/2010 | $ 1,327 | $ 1,582 |
| 09/30/2009 | 08/16/2010 | $ 1,327 | $ 1,582 |
| | **TOTAL** | | **$ 42,224** |

Subsequently, on October 5, 2015, "a delegate of the Secretary of the Treasury assessed against Defendant Christian F. Santana penalties under 26 U.S.C. § 6672, representing amounts that were equal to the income and employment taxes that were required to be withheld from the wages of the employees of Santana DDS and that were not collected, accounted for, and paid over when due," (*id*. at ¶ 23) as follows:

| Tax Period Ending | Assessment Dates | Assessed Amount | Balance due as of 4/10/16 |
|---|---|---|---|
| 12/31/2009 | 10/05/2015 | $ 1,664 | $ 1,720 |
| 03/31/2010 | 10/05/2015 | $ 1,704 | $ 1,726 |
| 06/30/2010 | 10/05/2015 | $ 1,744 | $ 1,767 |
| 09/30/2010 | 10/05/2015 | $ 1,785 | $ 1,808 |
| | **TOTAL** | | **$ 7,021** |

The Declaration of Angela S. Jones, who in addition to being assigned to advise on the collection of unpaid federal income tax liabilities that were the subject of Count I of Plaintiff's

Complaint was also assigned to advise on the collection of the trust fund recovery penalty assessments made against Christian F. Santana in Count II, supports Plaintiff's well-pleaded allegations with respect to Count II as well as supporting the afore-listed tax assessments. (*See* Dec. of Angela S. Jones, Doc. 13-2, ¶¶ 2, 7-9).

As previously noted, "[i]t is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *Fior D'Italia, Inc.*, 536 U.S. at 242. Here, the United States has set forth sufficient documentation supporting its contention that it is entitled to $49,245 as of April 10, 2016, together with all interests and penalties that have continued to accrue thereafter according to law, against Christian F. Santana on Count II of the Complaint.

The Court will therefore grant the United States' Motion for Default Judgment as to Count II against Christian F. Santana for trust fund recovery penalty assessments made under 26 U.S.C. § 6672 for the periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009, September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, and September 30, 2010, in the amount of $50,849,[5] together with all interests and penalties that have continued to accrue thereafter according to law.

---

[5] The Declaration of Angela S. Jones states that as of February 1, 2017, the unpaid balance for the assessments in Count II totaled $50,849. (Dec. of Angela S. Jones, Doc. 13-2, at ¶¶ 7-9).

## IV. Conclusion

For the foregoing reasons, the Court will grant the United States' Motion for Default Judgment as to Counts I and II (Doc. 13).

Robert D. Mariani
United States District Judge