# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff : | |
| v. : | 3:16-CV-1478 |
| : | (JUDGE MARIANI) |
| CHRISTIAN F. SANTANA, et al. : | |
| : | |
| Defendants : | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is the United States' Motion for Default Judgment Against Defendant Dentalcrafts Masters, LLC (Doc. 15). For the reasons discussed below, the Court will grant the United States' motion.

On July 19, 2016, Plaintiff, the United States of America, filed a Complaint naming as Defendants Christian F. Santana, Oriza Dotel, Christian L. Santana, the Pennsylvania Department of Revenue, the Municipal Authority of Hazle Township, and Dentalcrafts Masters, LLC. (Doc. 1). The civil action was filed "to collect the federal income tax assessments made against Christian F. Santana and Oriza Dotel and the civil penalty assessments made against Christian F. Santana; to obtain a judicial determination that Christian L. Santana is the nominee, alter ego, or transferee of Christian F. Santana; and to enforce the tax liens of the United States against real property located at 1024 Peace

Street, Hazle Township, Pennsylvania 18202 (the 'Real Property')." (Doc. 1, at 2).[1] The Complaint contains three counts: Reduce Federal Income Tax Assessments to Judgment (Count I); Reduce Civil Penalty Assessments to Judgment (Count II); and Foreclosure of the Federal Tax Liens Against the Real Property (Count III). (*See generally*, Doc. 1).

The record demonstrates that summons were returned executed as to each defendant, with the exception of the Pennsylvania Department of Revenue (Docs. 5-9), but no attorney has entered an appearance on behalf of any defendant nor has any defendant filed a pleading or performed any other action to otherwise defend the case. Thus, on November 1, 2016, Plaintiff filed a Request to Enter Default Pursuant to Fed. R. Civ. P. 55(a) against Christian F. Santana, Oriza Dotel, Christian L. Santana, and Dentalcrafts Masters, LLC (Doc. 10). The Clerk of Court entered default against these defendants on November 14, 2016. (Doc. 11).

The Clerk of Court having entered default, the United States filed a Motion for Default Judgment Against Defendant Dentalcrafts Masters, LLC (hereinafter "Dentalcrafts") on March 23, 2017 pursuant to Fed. R. Civ. P. 55(b)(2).

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R.

---

[1] The final four defendants, Christian L. Santana, the Pennsylvania Department of Revenue, the Municipal Authority of Hazle Township, and Dentalcrafts Masters, LLC, were named because they may claim an interest in the Real Property. (*See* Doc. 1, at ¶¶ 6-9).

Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

### III. ANALYSIS

While the Motion for Default Judgment by the United States and its Memorandum in Support of its Motion (Docs. 15, 16) do not set forth the standard for default judgment or apply that standard to the facts concerning Defendant Dentalcrafts, the United States has,

3

nevertheless, satisfied all of the requirements necessary to obtain a default judgment against this Defendant.

Here, the record demonstrates that Defendant Dentalcrafts was personally served on July 22, 2016. (Doc. 9). Since that time, Defendant has failed to file any pleading or perform any other action to otherwise defend the case. The Clerk of Court entered default against this defendant on November 14, 2016. (Doc. 11).

With respect to the prejudice to the United States if default is denied, this factor weighs in favor of the Government. Absent the default judgment, the United States will be faced with an indefinite delay in the adjudication of its claims, and uncertainty as to what (if anything), and when (if at all), Dentalcrafts may assert with respect to a possible interest in the Real Property. The United States is further left with no alternative means to assert its claim against the defaulting party and ensure that Dentalcrafts will not later attempt to assert an interest in the Real Property. As the government seeks to enforce its tax liens against the Real Property, for which Dentalcrafts may claim an interest, the government would be prejudiced if the defaulted Defendant remained silent only to possibly assert an interest in the Real Property at a later stage in the litigation.

As to whether the defendant appears to have a litigable defense, this factor also weighs in favor of the plaintiff. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency,* 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco,* 687 F.2d 761,

4

764 (3d Cir. 1982)). In the present action, Dentalcrafts has not filed an answer or performed any other action to defend the case or set forth any meritorious defenses and this Court is not aware of one or more possible defenses which may constitute a complete defense here.

The third factor, whether defendant's delay is due to culpable conduct, also weighs in favor of the United States. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Although the Court is reluctant to attribute bad faith to the defaulting defendant, Dentalcrafts has been on notice of this action since, at latest, July 22, 2016, when it was personally served with the Summons and the Complaint. (*See* Doc. 9). Thus, Dentalcrafts has failed to respond or take any other action to defend this lawsuit for over 8 months. At minimum, this lack of action amounts to deliberate and willful conduct.

Therefore, default judgment will be entered against Dentalcrafts Masters, LLC.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the United States' Motion for Default Judgment Against Defendant Dentalcrafts Masters, LLC (Doc. 15). Dentalcraft Masters LLC will not have an interest in the real property located at 1024 Peace Street, Hazle Township, PA 18202 and will take nothing in this action.

Robert D. Mariani
United States District Judge

5