IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

         **Plaintiff**     :

        v.     :    3:16-CV-1478
    :    (JUDGE MARIANI)

CHRISTIAN F. SANTANA, et al.     :

         **Defendants**     :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is the United States' Motion for Default Judgment as to

Count III (Doc. 25) of the Complaint (Doc. 1). For the reasons discussed below, the Court

will grant the United States' motion.

On July 19, 2016, Plaintiff, the United States of America, filed a Complaint naming as

Defendants Christian F. Santana, Oriza Dotel, Christian L. Santana, the Pennsylvania

Department of Revenue, the Municipal Authority of Hazle Township, and Dentalcrafts

Masters, LLC. (Doc. 1). The civil action was filed "to collect the federal income tax

assessments made against Christian F. Santana and Oriza Dotel and the civil penalty

assessments made against Christian F. Santana; to obtain a judicial determination that

Christian L. Santana is the nominee, alter ego, or transferee of Christian F. Santana; and to

enforce the tax liens of the United States against real property located at 1024 Peace

Street, Hazle Township, Pennsylvania 18202 (the 'Real Property')." (Doc. 1, at 2).[1] The

Complaint contains three counts: Reduce Federal Income Tax Assessments to Judgment

(Count I); Reduce Civil Penalty Assessments to Judgment (Count II); and Foreclosure of the

Federal Tax Liens Against the Real Property (Count III). (*See generally*, Doc. 1).

The record reflects that summons were returned executed as to each defendant,

with the exception of the Pennsylvania Department of Revenue (Docs. 5-9), but no attorney

has entered an appearance on behalf of any defendant nor has any defendant filed a

pleading or performed any other action to otherwise defend the case. Thus, on November 1,

2016, Plaintiff filed a Request to Enter Default Pursuant to Fed. R. Civ. P. 55(a) against

Christian F. Santana, Oriza Dotel, Christian L. Santana, and Dentalcrafts Masters, LLC

(Doc. 10). The Clerk of Court entered default against these defendants on November 14,

2016. (Doc. 11).

The Clerk of Court having entered default, the United States filed a Motion for Default

Judgment as to Counts I and II (Doc. 13) on February 15, 2017 pursuant to Fed. R. Civ. P.

55(b)(2). The following month, the United States filed a Motion for Default Judgment Against

Defendant Dentalcrafts Masters, LLC, (Doc. 15). The Court granted both motions on April

26, 2017 (*see* Docs. 20-24).

---

[1] The final four defendants, Christian L. Santana, the Pennsylvania Department of Revenue, the Municipal Authority of Hazle Township, and Dentalcrafts Masters, LLC, were named because they may claim an interest in the Real Property. (*See* Doc. 1, at ¶¶ 6-9). On April 26, 2017, the Court entered default judgment against Dentalcrafts Masters, LLC, and ordered that the defendant did not have an interest in the Real Property at issue in this action. (*See* Docs. 23, 24).

The United States subsequently filed the Motion for Default Judgment as to Count III (Doc. 25) on August 1, 2017, which is presently before this Court.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## III. ANALYSIS

### A. Statement of Facts as Set Forth by Plaintiff

Count III of the United States' Complaint, entitled Foreclosure of the Federal Tax Liens Against the Real Property, alleges that by deed dated September 6, 2012, Christian F. Santana and Oriza Dotel ("the Taxpayers"), husband and wife, acquired the real property known as 1024 Peace Street, Hazle Township, PA. (Doc. 1, at ¶ 29). The Taxpayers thereafter conveyed the Real Property to Christian L. Santana, the Taxpayers' son, for no consideration by deed dated September 12, 2012. (*Id.* at ¶ 30). The United States asserts that "Christian L. Santana acquired his interest and continues to hold his interest in the Real Property as a nominee, transferee, or alter ego of the Taxpayers, Christian F. Santana and Oriza Dotel, for the purpose of assisting his parents in evading the collection of their Federal tax liabilities" and that "[d]espite the purported transfer of the Real Property to Christian L. Santana, the Taxpayers retained possession of the Real Property and continue to reside at the Real Property." (*Id.* at ¶¶ 31, 32). Therefore, "[b]ecause Defendant Christian L. Santana acquired bare legal title to the Real Property solely as the nominee, transferee, or alter ego of the Taxpayers, the Taxpayers are the true and beneficial owners of the Real Property." (*Id.* at ¶ 33).

By reason of the tax assessments described in Counts I and II of the Complaint, tax liens in favor of the United States arose as of the dates of those assessments pursuant to Internal Revenue Code §§ 6321 and 6322 in the amounts of the assessments, plus all

statutory additions to tax accruing thereon under law. The Complaint alleges that the federal tax liens attached to all property and rights to property then owned or thereafter acquired by the Taxpayers, including the Real Property belonging to the Taxpayers that is currently titled in the name of Christian L. Santana. (Doc. 1, at ¶ 34).

Notices of the federal tax liens for assessments for unpaid federal income taxes against Christian F. Santana and Oriza Dotel, set forth in Count I of the Complaint, and for assessments of penalties under 26 U.S.C. § 6672 against Christian F. Santana in Count II, were filed June 19, 2012, December 16, 2014, April 14, 2015, and October 14, 2015 with the Prothonotary of Luzerne County in Wilkes Barre, Pennsylvania and the notices of these federal tax liens for assessments were recorded against Defendant Christian L. Santana as nominee and transferee of the Taxpayers on May 5, 2016 with the Prothonotary of Luzerne County in Wilkes Barre-Pennsylvania. (*Id.* at ¶¶ 35, 36).

The United States therefore claims valid and subsisting tax liens against all property and rights to property of the Taxpayers Christian F. Santana and Oriza Dotel by virtue of the aforementioned assessments. (*Id.* at ¶ 37).

With respect to Count III, the United States thus requests in its Complaint that the Court order the following relief:

> that the Court adjudge and decree that Christian L. Santana is the nominee, transferee, or alter ego of the Taxpayers Christian F. Santana and Oriza Dotel; that the federal tax liens that encumber the Real Property be foreclosed; that the Real Property be sold; and the proceeds be distributed in accordance with the rights of the parties to be determined herein with the amounts attributable to the Taxpayers' interest to be paid to the United States

in partial satisfaction of their unpaid income tax liabilities for the years 2000, 2002, 2005, 2009, 2010, 2011, 2012, 2013, 2014 and to Christian F. Santana's unpaid civil penalty assessments for the periods ending in March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009, September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, and September 30, 2010.

(Doc. 1, at 11).

## B. Christian L. Santana as a Nominee of Christian F. Santana and Oriza Dotel

Because a determination of whether Christian L. Santana, son of Christian F. Santana and Oriza Dotel, is a nominee, transferee, or alter ego, of his parents is essential to the merits of the United States' claim in Count III, and may defeat the United States' entitlement to judgment in their favor on Count III, the Court first turns to this issue.

The United States may foreclose on property of a taxpayer who is subject to a federal tax lien and refuses or neglects to pay that tax. *See* 26 U.S.C. § 7403. This includes property held by that taxpayer's nominee or alter ego. *See G. M. Leasing Corp. v. United States*, 429 U.S. 338, 350-351, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *see also, U.S. v. Patras*, 544 F.App'x 137, 140-141 (3d Cir. 2013) ("When there is a tax lien on a taxpayer's property, the Government may seek to satisfy it by levying upon property the taxpayer controls. . . . If the property is under the control of a third party found to be the delinquent taxpayer's nominee or alter ego, it can be subject to a tax lien.").

This Court has previously found that the United States is entitled to judgment against

Christian F. Santana and Oriza Dotel as to Count I of the Complaint for unpaid federal

income taxes and statutory additions to tax for the years 2000, 2002, 2005, 2009, 2010,

2011, 2012, 2013, and 2014 and to judgment against Christian F. Santana in Count II of the

Complaint for trust fund recovery penalty assessments made under 26 U.S.C. § 6672 for

the periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31,

2006, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008,

September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009, September 30,

2009, December 31, 2009, March 31, 2010, June 30, 2010, and September 30, 2010.

The United States has submitted the Declaration of Sean Dunleavy, a Revenue

Officer with the IRS, who states that by deed dated September 6, 2012, Defendant Christian

F. Santana and Oriza Dotel acquired the Real Property at issue in this action, that the IRS

filed a notice of a federal tax lien with the Prothonotary of Luzerne County for the income tax

assessments for the years 2009 and 2010, against the taxpayers on June 19, 2012, and

that by deed dated September 12, 2012, Christian F. Santana and Oriza Dotel conveyed the

Real Property to their son. (*See* Dec. of Dunleavy, Doc. 25-1, at ¶¶ 1, 6-8).

Accordingly, in light of this Court's prior Orders, Mr. Dunleavy's Declaration, and the

well-pleaded factual allegations set forth in the Complaint, the United States is entitled to

foreclose on the real property known as 1024 Peace Street, Hazle Township, PA, and to

enforce its federal tax liens through sale of the real property, if Christian L. Santana is found

to be a nominee or alter ego of his parents by this Court.

As the Third Circuit has explained,

> A third party is a taxpayer's nominee where "the taxpayer has engaged in a legal fiction by placing legal title to property in the hands of [that] third party while actually retaining some or all of the benefits of true ownership." *Holman v. United States*, 505 F.3d 1060, 1065 (10th Cir.2007); *see also Fourth Inv. LP v. United States*, 720 F.3d 1058, 1066 & n. 3 (9th Cir.2013). We initially look to state law to determine the taxpayer's ownership interest in the property and whether the title holder is merely a nominee. *See Drye* [*v. United States*, 528 U.S. 49, 58, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999)]. If the taxpayer has a property interest under state law, then federal law determines whether that property interest is subject to a federal tax lien. *Id.*

*Patras*, 544 F.App'x at 141.

In looking to Pennsylvania state law to determine the taxpayer's ownership interest

in the property and whether the property's title owner is only a nominee, Courts have

deemed the following factors to be relevant: (a) the amount of consideration, or lack thereof,

paid by the nominee; (b) whether the property was "placed in the name of the nominee in

anticipation of a suit or occurrence of liabilities while the transferor continues to exercise

control over the property"; (c) whether a close relationship exists between the transferor and

the nominee; (d) whether the conveyance was recorded; (e) whether the transferor retained

possession of the property; and (f) whether the transferor had "[c]ontinued enjoyment" of

benefits of the transferred property. *U.S. v. Klimek*, 952 F.Supp. 1100, 1113 (E.D. Pa.

1997). Courts may also consider whether the taxpayer used personal funds to purchase

and maintain the property. *Id.* "However, these factors should not be applied rigidly or

8

mechanically, as no one factor is determinative. Rather, the critical consideration is whether the taxpayer exercised active or substantial control over the property." *In re Richards*, 231 B.R. 571, 579 (E.D. Pa. 1999).

Here, with the exception of the fourth factor – whether the conveyance was recorded – each factor weighs in favor of a finding that Christian L. Santana is a nominee of Christian F. Santana and Oriza Dotel.

First, Christian L. Santana did not pay any consideration for the Real Property at issue here. The Complaint, the factual allegations of which the Court must accept as true when determining whether default judgment is appropriate, alleges that "[b]y deed dated September 12, 2012, the Taxpayers conveyed the Real Property to Christian L. Santana, the Taxpayers' son, for no consideration" (Doc. 1, at ¶ 8). This is confirmed in the Declaration of Mr. Dunleavy which states that "the Taxpayers conveyed the Real Property to Christian L. Santana, the Taxpayers' son, for no consideration." (Dec. of Dunleavy, at ¶ 8(b)).

Second, a reasonable assumption can be made that the property was "placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property." Here, the Real Property was conveyed to Christian L. Santana by his parents approximately one week after the parents purchased the property. At this time, Christian F. Santana and Oriza Dotel would have been aware of the federal tax lien filed against them on June 19, 2012 with the Prothonotary of Luzerne

9

County. Further, at the time of the conveyance, Christian L. Santana was a minor and not earning income. Rather, as Mr. Dunleavy states in his Declaration, "[a]fter the purported transfer, the Taxpayers continued to pay the monthly expenses of the Real Property . . . and the payment of the sewer expenses of the Real Property are paid from Taxpayer Christian F. Santana's corporate account." (Dec. of Dunleavy, at ¶ 8(g)).

The third factor – whether a close relationship exists between the transferor and the nominee – is clearly not in dispute. As the son of both Taxpayers, there can be no question that Christian L. Santana bears a close relationship with Christian F. Santana and Oriza Dotel.

The United States has also demonstrated that the transferor retained possession of the property. In addition to the Taxpayers continuing to pay the monthly expenses on the Real Property, Mr. Dunleavy further asserts that the Taxpayers "retained possession of the Real Property and continued to reside at the Real Property." (Dec. of Dunleavy, at ¶ 8(f)).

For the reasons set forth in support of the other factors, it is clear that the transferors also had "[c]ontinued enjoyment" of benefits of the transferred property. The Taxpayers continue to reside on the property and have thus continued to derive any benefits that living on this property may confer.

Finally, with respect to the fourth factor that a Court should consider – whether the conveyance was recorded – although the transfer was recorded by deed dated September 12, 2012, this factor, by itself, is not dispositive of this Court's determination. See *Patras*,

544 F.App'x at 142; *In re Richards*, 231 B.R. at 579 (where "little or no consideration" was paid for the residence and "the relationship of parents to their children is a close one", the Court would accord "relatively little weight" to the undisputed fact that the deed was properly recorded). Therefore, although the fourth factor is absent here, upon review of the case specific facts and the fact that each other factor weighs in favor of finding that Christian L. Santana is a nominee of the Taxpayers, the Court does not find that the absence of the fourth factor is dispositive in the present case.

In sum, when applying the aforementioned factors and making "the critical consideration [of] whether the taxpayer exercised active or substantial control over the property," *In re Richards*, 231 B.R. at 579, there is no doubt that Christian L. Santana is a nominee of his parents, Taxpayers Christian F. Santana and Oriza Dotel.

## C. The Entry of Default Judgment

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Here, the United States moves for the entry of judgment as to Count III against Christian F. Santana, Oriza Dotel, and Christian L. Santana. (Doc. 25). The motion requests that the Court issue an Order adjudicating:

(1) that the United States has valid and subsisting liens against the property located at 1024 Peace Street, Hazle Township, PA; (2) that Defendant Christian L. Santana acquired his interest and continues to hold his interest in 1024 Peace Street, Hazle Township, PA as a nominee, transferee or alter ego of Christian F. Santana and Oriza Dotel; and (3) and ordering the foreclosure of those liens and a sale of the property located at 1024 Peace Street, Hazle Township, PA.

(*Id.* at 2).

With respect to the prejudice to the United States if default is denied, this factor weighs in favor of the Government. Absent the default judgment, the United States will be faced with an indefinite, and possibly permanent, delay in the adjudication of its final claim against the defendants and is left with no alternative means to vindicate its claim against the defaulting parties. This is particularly true in light of the Court's previous grant of default judgment to the United States on Counts I and II of the Complaint. Because the Real Property at issue here is subject to foreclosure and the proceeds of that property are to be paid to the United States and applied against the defendants' federal tax liabilities, which the Court found existed in its Order granting the United States default judgment on Counts I and II, the United States would be severely prejudiced if it is not permitted to now attempt to recover the proceeds that the Court found Defendants Christian F. Santana and Oriza Dotel owe to the government.

As to whether the defendants appear to have a litigable defense, this factor also weighs in favor of the plaintiff. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete

12

defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v.*

*Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco*, 687

F.2d 761, 764 (3d Cir. 1982)). In the present action, the Court has addressed, *supra*, the

only defense which may have merit – that Christian L. Santana is not a nominee of

Taxpayers Christian F. Santana and Oriza Dotel and the United States may not therefore

foreclose on the Real Property – and found such defense to be without merit. Because no

defendant has filed an answer or performed any other action to defend the case or set forth

any meritorious defenses and this Court is not aware of one or more possible defenses

which may constitute a complete defense here, there is no evidence that any of the

defendants have a litigable defense here.

The third factor, whether the defendants' delay is due to culpable conduct, also

weighs in favor of the United States. "In this context culpable conduct means action taken

willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d

Cir. 1983). Although the Court is reluctant to attribute bad faith to the defaulting defendants,

Christian F. Santana, Oriza Dotel, and Christian L. Santana, have each been on notice of

this action since, at latest, August 29, 2016, when they were served with the Complaint.

(*See* Docs. 5, 6, 7). Thus, these defendants have failed to respond or take any other action

to defend this lawsuit for well-over a year. At minimum, this lack of action amounts to

deliberate and willful conduct.

## IV. Conclusion

For the foregoing reasons, the Court will grant the United States' Motion for Default

Judgment as to Count III (Doc. 25) and enter default judgment against Christian F. Santana,

Oriza Dotel, and Christian L. Santana on this Count.

A separate Order follows.

Robert D. Mariani
United States District Judge